F I L E D
Clerk
District Court
APR 09 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| FIRST HAWAIIAN BANK, a Hawaii Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TIANCHI CORPORATION, a Northern Mariana Islands Corporation, and YONG FU HONG,<br><br>    Defendants. | Case No. 1:23-cv-00015<br><br>**DECISION AND ORDER *SUA SPONTE* DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff First Hawaiian Bank filed a complaint against Defendants Tianchi Corp. and Yong Fu Hong ("Hong") asserting diversity jurisdiction and alleging breach of contract. (Compl. 2-4, ECF No. 1.) Although the summons and complaint were served on Tianchi Corp. on January 6, 2024 through its registered agent (ECF No. 2), Tianchi Corp. has yet to appear in this action. First Hawaiian Bank filed a motion for order of service by publication (ECF No. 3) to serve Hong. However, before the Court can act on the motion, it must first determine if it has subject matter jurisdiction. A review of the complaint reveals that subject matter jurisdiction has not been properly pleaded; therefore, the Court issues this decision and order sua sponte dismissing the action for lack of jurisdiction and granting First Hawaiian Bank leave to amend its complaint. As such, the motion for order of service by publication is MOOT.

### I.    BACKGROUND

The facts as alleged in the complaint, in relevant part, are as follows. Plaintiff First Hawaiian Bank, a citizen of the State of Hawaii, is a corporation organized and existing under the laws of the State of Hawaii, and duly licensed and authorized to conduct banking business in the Commonwealth of the Northern Mariana Islands ("CNMI"). (Compl. ¶¶ 1, 4.) Defendant Tianchi Corp, a citizen of the CNMI, is

incorporated in the CNMI and doing business as Jiuzhou Car Wash. (*Id.* ¶¶ 2, 4.) Hong, a citizen of the People's Republic of China, resides in the CNMI. (*Id.* ¶ 3.)

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction empowered to hear only those cases authorized by the Constitution or by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss an action if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts have diversity jurisdiction over

> all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; [and]
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]

28 U.S.C. § 1332(a). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For example, a corporation is a citizen of the state of incorporation and the state where its principal place of business is located. *Id.* For individuals or a natural person, citizenship in a state requires United States citizenship and is determined by domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Otherwise, that natural person is a citizen or subject of a foreign state. 28 U.S.C. § 1332(a)(2).

### III.  DISCUSSION

In its complaint, First Hawaiian Bank asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4.) However, the Court concludes it does not have diversity jurisdiction based on the complaint as presently alleged. This Court has repeatedly recognized its lack of diversity jurisdiction for parties' failure to adequately plead the citizenship of businesses. *See Supertech, Inc. v. My Choice Software, LLC*, No. 1:23-cv-00002, 2023 WL 2600396, at *2 (D. N. Mar. I. Mar. 23, 2023) (collecting cases); *BigBang Ent., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:23-cv-00008, 2023 WL 4406287, at *2 (D. N. Mar. I. July 10, 2023).

Here, First Hawaiian Bank has failed to sufficiently plead the citizenship of itself and Tianchi Corp. because the complaint merely alleges the place of incorporation and where each corporation is doing business.[1] In order to adequately plead citizenship for itself and Tianchi Corp., First Hawaiian Bank must plead facts regarding the location of each corporation's principal place of business.[2] *See Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)). It is insufficient to state in a conclusory manner that a party is a citizen of State X. *Prochaska v. Walgreens Co.*, No. CV-06-1117-PCT-PGR, 2006 WL 1094803, at *1 (D. Ariz. Apr. 24, 2006) (citing *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970)). Since the complaint lacks these allegations, First Hawaiian Bank has not met its burden to establish diversity jurisdiction. *See id.* (requiring plaintiff to file an amended complaint as corporate party's citizenship was inadequately alleged).

---

[1] First Hawaiian Bank alleges that Hong is an alien, as he is a citizen of a foreign state, the People's Republic of China. (Compl. ¶ 3.) Hong's alien status does not necessarily defeat jurisdiction as there is diversity jurisdiction "where (1) there is a legitimate controversy between diverse citizens and aliens are additional parties; and (2) there is complete diversity as to the citizens." *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir. 1985) (citations omitted). Nevertheless, First Hawaiian Bank is reminded of 28 U.S.C. § 1332(a)(2), which states that "district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

[2] First Hawaiian Bank pleads that it is a corporation (Compl. ¶ 1) and must therefore allege facts to indicate the state of incorporation and the state where its principal place of business is located, *Johnson*, 437 F.3d at 899. However, if Plaintiff is a national bank, it "is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mort., FSB*, 747 F.3d 707, 709 (9th Cir. 2014).

### IV. CONCLUSION

Because First Hawaiian Bank has not adequately plead diversity jurisdiction, the Court sua sponte DISMISSES this action, but grants First Hawaiian Bank leave to amend the complaint to correct the deficiencies. First Hawaiian Bank's first amended complaint is due fourteen days from issuance of this order. As such, First Hawaiian Bank's motion for order of service by publication (ECF No. 3) is MOOT.

IT IS SO ORDERED this 9th day of April 2024.

RAMONA V. MANGLONA
Chief Judge