F I L E D
 Clerk
 District Court

JUL 11 2024

for the Northern Mariana Islands
By_____
 (Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| FIRST HAWAIIAN BANK,<br>a Hawaii Corporation,<br><br>              Plaintiff,<br>   v.<br><br>TIANCHI CORPORATION, a Northern Mariana Island Corporation, and YONG FU HONG,<br><br>              Defendants. | Case No. 1:23-cv-00015<br><br>**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO EFFECT SERVICE** |

Before the Court is Plaintiff First Hawaiian Bank's ("FHB") Motion for Order for Service by Publication to Effect Service on Defendant Yong Fu Hong ("Hong") and for an Extension of Time to Effect Service (Mot., ECF No. 7,) supported with Declarations of Dolores M. Aldan (Aldan Decl., ECF No. 7-1) and Vincent Seman (Seman Decl., ECF No. 7-2). For the reasons stated below, the Court hereby grants in part, and denies in part, FHB's motion.

## I.    PROCEDURAL BACKGROUND

FHB first initiated this breach of contract action against Defendant Hong and Defendant Tianchi Corp. in December 2023 with the filing of a complaint (ECF No. 1). Although FHB filed a motion for order for service by publication (ECF No. 3), the Court sua sponte dismissed FHB's complaint for lack of subject matter jurisdiction as it failed to identify the corporate parties' principal place of business. (Decision Sua Sponte Dismissing Action 3, ECF No. 4.) FHB's first motion for service by publication was therefore denied as moot. (*Id.* at 4.)

On April 23, 2024, FHB filed a First Amended Complaint alleging a breach of contract claim against Tianchi for the breach of a Merchant Agreement, and against Hong for the breach of his guaranty. (FAC 4, ECF No. 5.) FHB maintains that Tianchi Corp. was served the FAC the following month by effecting service on its registered agent. (Mot. 2 (citing Process Server Invoice, ECF No.6)). Subsequently, FHB once again moved for service by publication for Hong. (Mot. 1). In support of its motion, FHB describes the considerable steps it undertook to locate and serve Hong within the Commonwealth of the Northern Mariana Islands ("CNMI"). FHB hired former police officer Aldan to physically locate and serve Defendant Hong with a copy of the Summons and First Amended Complaint. (Aldan Decl. ¶¶ 1-2, ECF No. 7-1.) Aldan exercised due diligence by visiting the place of business for Tianchi Corporation dba Jiuzhou Car Wash, various car washes, and markets. Moreover, she inquired with the CNMI Division of Customs and Border Patrol who confirmed that there was no record of Defendant Hong departing Saipan. (*Id.* ¶ 6.) She concludes that she has "exhausted all reasonable efforts but [has] been unable to locate Defendant Hong; however, [she] do[es] believe he is still in Saipan, CNMI." (*Id.* ¶ 7.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

CNMI law permits service by leaving a certified copy with the Attorney General. 7 CMC § 1104(a). "The service shall be deemed complete upon delivery of the required papers to the defendant outside the Commonwealth, personally or by mail as provided." *Id*. However, if after service on the Attorney General, a summons and complaint cannot be personally served on the

defendant personally or by mail, "and if by affidavit or otherwise the court is satisfied that with reasonable diligence the defendant cannot be served . . . the court may order that service be made by publication of the summons in at least one newspaper published and having a general circulation in the Commonwealth." *Id*. at (b). The publication must be made for four successive weeks and the last publications must not be less than 21 days prior to the return date. *Id*.

Federal Rule of Civil Procedure 4(m) dictates that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

### III.    DISCUSSION

FHB has failed to demonstrate compliance with 7 CMC § 1104. First, there is no indication that the CNMI Attorney General was served a copy of the summons and FAC. Second, FHB has not shown that service by mail was attempted upon Mr. Hong after serving the CNMI Attorney General. Therefore, the Court DENIES in part FHB's motion as to the request for service by publication upon Defendant Hong. (*Cf.* Order Granting Pl.'s Mot. Service by Publication 2-4, *Bridge Cap., LLC v. Wilson*, No. 1:22-cv-00012 (D. N. Mar. I. June 8, 2023) ECF No. 8 (denoting a prior denial and subsequent grant of a motion for service by publication).) Moreover, while Ms. Aldan's declaration submitted in support of this instant motion is dated June 2024, her efforts to locate Defendant Hong were made in January 2024 (Aldan Decl. ¶¶ 3-6), which predates the filing of the FAC. Thus, the Court questions the accuracy of her declaration.

Further, it is unclear whether Defendant Tianchi Corp. was properly served a copy of the summons and FAC. The Invoice merely states that Juanita B. Blas was served a first amended complaint with Exhibits A and B. (Invoice 1.) At the outset, it is unclear from the filing whether

the service rendered was in relation to this instant case; the Invoice does not have any reference to this case by name or case number. Moreover, the Court cannot ascertain from that filing who Juanita B. Blas is with relation to Tianchi Corp. A review of the record indicates that the Declaration of Service denoted service of the summons and original complaint on Tianchi Corp.'s registered agent, *Juana C.* Blas on January 6, 2024. (Decl. of Service, ECF No. 2.) Thus, Juanita B. Blas may be the same registered agent, Juana C. Blas. However, the record is far from clear, and the Court refuses to make such presumptions. Therefore, the Court concludes that Defendant Tianchi Corp. has not been properly served the summons and FAC.

Finally, the FAC was filed on April 23, 2024 such that Rule 4(m) dictates that service of it and the summons must be effectuated within 90 days, or on or before July 22, 2024. Given FHB's attempts to perfect service, the Court GRANTS FHB's request for an extension to effect service and provides FHB a sixty-day extension. Thus, service of the FAC must be perfected on *all* Defendants by **September 20, 2024.**

IV.     **CONCLUSION**

For the foregoing reasons, the first portion of FHB's Motion (ECF No. 7) for Order for Service by Publication to Effect Service on Defendant Yong Fu Hong is DENIED, and the second portion seeking an extension of time to effect service is GRANTED. The hearing scheduled for July 18, 2024, is hereby VACATED.

IT SO ORDERED this 11th day of July 2024.

_____
RAMONA V. MANGLONA
Chief Judge

- 4 -