FILED
Clerk
District Court
SEP 23 2024
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| FIRST HAWAIIAN BANK, a Hawaii Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TIANCHI CORPORATION, a Northern Mariana Island Corporation, and YONG FU HONG, <br><br> Defendants. | Case No. 1:23-cv-00015 <br><br> **DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO EFFECT SERVICE** |

  Before the court is Plaintiff First Hawaiian Bank's ("FHB") third Motion[1] for Order for Service by Publication to Effect Service on Defendant Yong Fu Hong ("Hong") and for an Extension of Time to Effect Service (Mot., ECF No. 12,) supported by Declarations of Vincent Seman (Seman Decl., ECF No. 13) and Dolores M. Aldan (Dolores Decl., ECF No. 14). For the reasons stated below, the court hereby grants FHB's motion.

I. **PROCEDURAL BACKGROUND**

  FHB first initiated this breach of contract action against Defendants Hong and Tianchi Corp. ("Tianchi") in December 2023 with the filing of a complaint. (ECF No. 1.) FHB subsequently filed a motion for an order allowing service of the complaint on Hong by publication (ECF No. 3). The court sua sponte dismissed FHB's complaint for lack of subject matter jurisdiction as it failed to identify the corporate parties' principal place of business. (ECF No. 4.) FHB's first motion for service by publication was therefore denied as moot. (*Id*. at 4.)

---

[1] FHB has previously moved to serve Defendant Hong by publication on two occasions: March 20, 2024 (ECF No. 3) and June 11, 2024 (ECF No. 7). Under Local Rule 5.2(d)(4), "[e]very pleading must be specifically and particularly identified." Therefore, the court refers to FHB's instant Motion as FHB's "third Motion" to serve Defendant Hong by publication.

On April 23, 2024, FHB filed a First Amended Complaint ("FAC") alleging a breach of contract claim against Tianchi for the breach of a Merchant Agreement, and against Hong for the breach of his guaranty. (FAC 4, ECF No. 5.) FHB again moved the court for an order permitting service by publication upon Defendant Hong and for an extension of time to effect service. (ECF No. 7.) The court granted FHB's second Motion in part, allowing for an extension of time to effect service, but denied FHB's second Motion to the extent it requested an order for service of the FAC by publication upon Defendant Hong. (ECF No. 8.) In doing so, the court found that FHB had failed to demonstrate compliance with 7 CMC § 1104 and Fed. R. Civ. P. 4(e), in turn. (*Id.*) The court identified a number of deficiencies in FHB's attempted service: "[f]irst, there [was] no indication that the CNMI Attorney General was served a copy of the summons and FAC[;] [s]econd, FHB [had] not shown that service by mail was attempted upon Mr. Hong after serving the CNMI Attorney General." (*Id.*) The court further expressed its concern regarding the accuracy of the Declaration submitted by Dolores Aldan, which attested to the extensive steps she had taken to effectuate service upon Defendant Hong, as the steps she attested to have taken all predated the filing of the FAC. (*Id.*)

Now pending is FHB's third Motion for service by publication upon Hong and for an extension of time to effectuate service. FHB again describes the considerable steps it undertook to locate and serve Hong within the CNMI. Ms. Aldan declared that since May 2024, she has exercised due diligence by visiting the place of business for Tianchi Corporation dba Jiuzhou Car Wash, various other car washes, and markets. (Dolores Decl. ¶¶ 3–5.) Further, in June 2024, she inquired with the "CNMI Division of Customs… staff under Director Jeffrey Hofschneider" who confirmed that there was no record of Defendant Hong departing Saipan. (*Id.* ¶ 6.) Lastly, on August 9, 2024, she was informed by Juana Blas, Defendant Tianchi Corp.'s resident agent, that "other directors of Defendant Tianchi informed her that Defendant Hong had passed away

in Palau." (*Id.* ¶ 7.) She concludes that she has "exhausted all reasonable efforts but [has] been unable to locate Defendant Hong though [she] do[es] believe he is still in Saipan." (*Id.* ¶ 8.)

In addition to Ms. Aldan's efforts, on August 9, 2024, FHB served Defendant Hong through the CNMI Attorney General with the Summons and First Amended Complaint. (Mot. 2; ECF No. 10.) Further, on August 30, 2024, FHB served Defendant Hong with copies of the Summons and FAC by certified mail at his last known address. (Mot. 2; Seman Decl. ¶ 3; ECF No. 13-1.) Lastly, Mr. Seman, Attorney for FHB, declares that "he reached out to contacts who may have connections with the Palau Government to confirm the accuracy of Defendant Hong's alleged death in Palau" and was informed "that there was no information of Defendant Hong ever entering Palau." (Seman Decl. ¶¶ 5–6.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

CNMI law permits service by leaving a certified copy with the Attorney General. 7 CMC § 1104(a). "The service shall be deemed complete upon delivery of the required papers to the defendant outside the Commonwealth, personally or by mail as provided." *Id*. However, if after service on the Attorney General, a summons and complaint cannot be personally served on the defendant personally or by mail, "and if by affidavit or otherwise the court is satisfied that with reasonable diligence the defendant cannot be served . . . the court may order that service be made by publication of the summons in at least one newspaper published and having a general circulation in the Commonwealth." *Id*. at (b). The publication must be made for four successive weeks and the last publications must not be less than 21 days prior to the return date. *Id*.

Federal Rule of Civil Procedure 4(m) dictates that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

### III. DISCUSSION

FHB has served Defendant Hong through the CNMI Attorney General and by certified mail at his last known address. (Mot. 2.) Further, the court notes that FHB requested a return receipt for the certified mailing. (*See* ECF No. 11-1.) Accordingly, FHB has now demonstrated compliance with 7 CMC § 1104 and the court therefore GRANTS FHB's Motion to permit service be made by publication "in at least one newspaper published and having a general circulation in the Commonwealth." 7 CMC § 1104(b). "Publication shall be made once each week for four successive weeks, and the last publication shall be not less than 21 days prior to the return date. . ." *Id.* Further, the court GRANTS FHB's request for an extension to effect service and provides FHB a sixty-day extension. Thus, service of the summons and FAC must be perfected on all Defendants by **November 22, 2024.**

### IV. CONCLUSION

For the foregoing reasons, FHB's Motion for order for service by publication and for an extension to effect service of the summons and First Amended Complaint on Defendant Yong Fu Hong is GRANTED. The hearing scheduled for October 24, 2024, is hereby VACATED.

IT SO ORDERED this 23rd day of September, 2024.

RAMONA V. MANGLONA
Chief Judge